**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01596-CMA

In re:

PATRICIA EVANS,

    Debtor,

PATRICIA EVANS

    Appellant,

v.

THE BANK OF NEW YORK,

    Appellee.

---

**ORDER DISMISSING APPEAL IN PART AND
OTHERWISE AFFIRMING MAY 17, 2012 ORDER AND
JUDGMENT OF THE UNITED STATES BANKRUPTCY COURT**

---

Debtor/Appellant Patricia Evans ("Evans") appeals the May 17, 2012 Order and Judgment of the United States Bankruptcy Court entered against her. (*See* Doc. # 2.) Jurisdiction is proper pursuant to Fed. R. Bankr. P. 8001(a). For the reasons discussed below, the Court dismisses the appeal in part for lack of jurisdiction and otherwise affirms the Bankruptcy Court's Order and Judgment.

## I. BACKGROUND

Last year, the Tenth Circuit considered – on two separate occasions –matters relating to Evans's instant appeal against Appellee the Bank of New York (the "Bank").

*See Evans v. Bank of New York Trust Co. (In re Evans)*, 465 F. Appx. 763 (10th Cir. 2012) ("*Evans I*"); *Evans v. Bank of New York Trust Co. (In re Evans)*, No. 12-1223, 2012 WL 6621676 (10th Cir. Dec. 20, 2012) ("*Evans II*"). In doing so, the Circuit Court set forth relevant background facts, from which this Court quotes at length:

> This appeal has its origins in a house located at 1933 South Downing Street in Denver, Colorado. The house formerly belonged to Evans's daughter, Vicki Dillard–Crowe, who is not a party to this case. When these proceedings commenced, Evans resided in the home as a guest. The Bank of New York Trust Co. had purchased the house at a foreclosure auction and initiated eviction proceedings in Colorado state court against Dillard–Crowe and any other occupants. The state court granted the Bank a judgment of possession on February 11, 2010. The next day, Evans filed the Chapter 7 bankruptcy petition that eventually led to this appeal, listing the house as her primary residence although she did not own it. The Bank sought relief from the automatic stay, *see* 11 U.S.C. § 362(d), in order to proceed against the house. The district court[1] granted relief from the automatic stay on May 13, and Evans appealed to the BAP [*i.e.*, the Bankruptcy Appellate Panel of the Tenth Circuit] a day later.
>
> The bankruptcy court granted Evans a discharge on July 9, 2010, before the BAP issued a decision on Evans's appeal. In that decision, handed down on January 4, 2011, the BAP rejected the Bank's argument that because the discharge had terminated the automatic stay, the appeal was moot. It affirmed the bankruptcy court's order granting the Bank relief from the automatic stay. In addition, it ordered Evans to show cause why she should not be sanctioned for filing a frivolous appeal. It denied her motion for rehearing on February 4; and on March 11, 2011, it ordered her to pay $4,737.50 as a sanction for filing a frivolous appeal.
>
> Evans appealed to this court, but her notice of appeal designated only the February 4, 2011, order denying rehearing. We dismissed the appeal for lack of appellate jurisdiction because Evans's discharge from bankruptcy during the pendency of her BAP appeal mooted any issues relating to the automatic stay. [. . .] We held that we were precluded from

---

[1] The Circuit Court's reference to the "district court," instead of the **bankruptcy** court, simply appears to have been an oversight.

> reviewing the BAP's January 4, 2011, order affirming relief from the stay and the BAP's March 11, 2011, sanctions order because the notice of appeal did not encompass them. [. . .]
>
> Evans then filed with the BAP a "Motion to Set Aside/Vacate Void Judgment," which invoked Fed.R.Civ.P. 60(b)(4). [. . .] She contended that our decision to dismiss her appeal as moot necessarily implied that the BAP had lacked jurisdiction to hear and determine her original appeal and to impose sanctions against her in connection with that appeal. The BAP rejected this motion in an order issued April 23, 2012, stating that the sanctions order was proper even if the case was moot.

*Evans II*, 2012 WL 6621676, at *1-2. The *Evans II* court affirmed the BAP's decision as to the sanctions issue, but it dismissed the appeal as to: (1) the BAP's January 4, 2011 order affirming on the merits the bankruptcy court's order granting the Bank relief from the automatic stay; and (2) the BAP's February 4, 2011 order denying rehearing of the merits determination. *Id.* at *2-4. As to the two orders on which the *Evans II* court dismissed the appeal, it reasoned: "[these] orders no longer have any real-world consequences because there is no longer an automatic stay in the underlying bankruptcy case. Whether the orders were valid is therefore a moot issue that we lack jurisdiction to consider." *Id.* at *2.

Meanwhile, before the *Evans II* opinion came down, Evans filed a March 29, 2012 motion in the Bankruptcy Court, seeking to have it set aside or vacate its May 13, 2010 order granting the Bank relief from the automatic stay. (AR 54-60.) After holding a non-evidentiary hearing on May 17, 2012, the Bankruptcy Court ruled on the record, denying Evans's motion ("Denial Order"). (*See* AR 8.) Judgment was entered by the Bankruptcy Court the same day. (AR 77.) On May 31, 2012, Evans filed a motion

asking the Bankruptcy Court to reconsider its Denial Order. (AR 78-83.) Before the Bankruptcy Court could rule on that motion, however, Evans filed her notice of appeal. (*See* Doc. # 2.)

In her opening brief, filed on September 21, 2012, Evans raises three issues: (1) "Did the bankruptcy court err by granting relief to a NON-CREDITOR and party without legal/lawful interest, especially in lieu of the recent legal precedent in Miller?"; (2) "Did the bankruptcy court err in denying Evans a chance to offer proof and make a record?"; and (3) "Did the bankruptcy [court] err in disallowing Evans to request a default judgment since Appellee failed to appear for the court ordered hearing?" (Doc. # 16 at 4, 6, and 8.) The Bank filed its response brief on November 5, 2012, contesting the issues raised by Evans and requesting the Court to sanction Evans for filing a "frivolous" appeal. (Doc. # 20 at 13-16.) Evans filed her reply brief on December 3, 2012. (Doc. # 21.)

## II. STANDARD OF REVIEW

A district court sitting in an appellate capacity reviews a bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *See In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010). Discretionary determinations, such as a bankruptcy court's decision to lift an automatic stay, exclude evidence, or grant a default judgment, are reviewed for abuse of discretion. *Busch v. Anderson* (*In re Busch*), 294 B.R. 137, 140 (10th Cir. BAP 2003) (lifting of automatic stay); *Brasher v. Turner* (*In re Turner*), 266 B.R. 491, 494 (10th Cir. BAP 2001) (excluding an exhibit); *Dennis Garberg &*

*Assocs., Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 771 (10th Cir. 1997) (entering default judgment).

### III. DISCUSSION

The Court will address each of Evans's contentions in turn, below.

### A.   GRANTING RELIEF FROM THE AUTOMATIC STAY

Evans first contends that the Bankruptcy Court erred in granting the Bank relief from the automatic stay. However, as the Tenth Circuit noted in *Evans II*, the Bankruptcy Court's decision to grant the Bank relief from the automatic stay "no longer [has] any real-world consequences because there is no longer an automatic stay in the underlying bankruptcy case." *Evans II*, 2012 WL 6621676, at *2. As such, whether the Bankruptcy Court's decision was valid is a moot issue that the Court lacks jurisdiction to consider. *See id.*; *see also Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) ("The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." (ellipsis, internal quotation marks, and citation omitted)).

Even if the Court had jurisdiction over this issue, Evans's contention would not entitle her to relief. The Bankruptcy Code specifies that a "party in interest" may seek relief from the automatic stay, 11 U.S.C. § 362(d), and the Bank certainly qualified as such a party since, as the owner of the property at issue, its interests were adversely affected by the stay. *See, e.g., Vieland v. First Fed. Sav. Bank* (*In re Vieland*), 41 B.R. 134, 138 (Bankr. N.D. Ohio 1984) (concluding that "'a party in interest' under section

362(d) must be determined on a case by case basis with reference to the interest asserted and how said interest is affected by the automatic stay"). Accordingly, the Bank's status as a "non-creditor" did not preclude it from seeking relief from the automatic stay.

**B.    MAKING A RECORD**

Evans next contends that the Bankruptcy Court erred in denying her the opportunity to "offer proof and make a record." (Doc. # 16 at 6-8.) As mentioned previously, the Bankruptcy Court's Denial Order, from which Evans appeals, was entered on the record at the May 17, 2012 hearing. (*See* AR 8.) On July 2, 2012, after filing her appeal, Evans indicated that she "intends to order 5/17/12 transcript." (Doc. # 11.) Nonetheless, the hearing transcript was never filed or otherwise made a part of the appellate record. Accordingly, the Court summarily affirms the Bankruptcy Court. *See, e.g.*, *Lopez v. Long* (*In re Long*), 255 B.R. 241, 245 (10th Cir. BAP 2000) ("when the record on appeal fails to include copies of the documents necessary to decide an issue on appeal, this Court is unable to rule on that issue and may summarily affirm the bankruptcy court"). Such a decision appears particularly appropriate here because, even assuming the Bankruptcy Court did prohibit Evans from offering proof or otherwise making a record, the May 17, 2012 hearing was a **non**-evidentiary one. (*See* AR 7, 76.) The Court agrees with the Bank that, "[s]ince the hearing at issue was a non-evidentiary hearing, there was no 'evidence' which could have been excluded by the Bankruptcy

Court." (Doc. # 20 at 11.) Thus, even giving credit to Evans's recitation of the facts, the Bankruptcy Court's actions did not constitute an abuse of discretion.

**C.    MOVING FOR DEFAULT JUDGMENT**

Evans finally contends that the Bankruptcy Court erred in prohibiting her from requesting a default judgment since the Bank "failed to appear for the court ordered hearing." (Doc. # 16 at 8.) As with Evans's prior contention, however, meaningful review of this issue has been precluded by her failure to supply the Court with the transcript of the May 17, 2012 hearing at which she allegedly sought to request entry of default judgment. Accordingly, the Court again affirms the Bankruptcy Court's decision. *See In re Long*, 255 B.R. at 245. Moreover, and in any event, default judgment was not available to Evans in the context of the May 17, 2012 hearing. Entry of default judgment is governed by Fed. R. Civ. P. 55, which is made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7055. *See, e.g.*, *Malloy v. Wallace* (*In re Wallace*), 99 Fed. Appx. 870, 873 (10th Cir. 2004). However, Rule 7055 applies in adversary proceedings. *See id.* In the instant case, the underlying proceeding was not an adversary one. (*See* AR 1-10.) Further, and perhaps most importantly, as the long history of this case makes clear, the Bank has not "failed to plead or otherwise defend" itself. *See* Fed. R. Civ. P. 55(a). Accordingly, the Court discerns no abuse of discretion in the Bankruptcy Court's actions.

**D.     SANCTIONS**

The Bank contends that, "[b]ased upon the unsupportable issues raised herein, along with the pattern of meritless litigation maintained by Evans and her daughter," the Court should "invoke the provisions of Fed. R. Bankr. P. 8020 and impose monetary sanctions upon Evans . . . ."  (Doc. # 20 at 15.)  The Court agrees.

Under Fed. R. Bankr. P. 8020, "[i]f a district court . . . determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after . . . notice from the district court . . . and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  As should be obvious in the Court's disposition of this appeal, the Court finds Evans's arguments frivolous.  *See Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) ("An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." (internal quotation marks and citation omitted)).  As such, the Court is inclined to award the Bank its attorney fees and double costs, although it will permit Evans an opportunity to respond to the notice given herein.

## IV.  **CONCLUSION**

For the foregoing reasons, it is ORDERED that Evans's appeal is DISMISSED for lack of jurisdiction to the extent she asserts that the United States Bankruptcy Court erred in granting the Bank relief from the automatic stay; in all other respects, the May 17, 2012 Order and Judgment of the United States Bankruptcy Court are AFFIRMED.  It is

FURTHER ORDERED that Debtor/Appellant Patricia Evans SHOW CAUSE by April 8, 2013, why reasonable attorney fees and costs of this appeal should not be assessed against her for filing this frivolous appeal. It is

FURTHER ORDERED that this case is DISMISSED.

DATED: March __28__, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge